IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:20-CR-00074-JDK** |
| v. | § | |
| | § | |
| | § | |
| | § | |
| **JON REED WOODBRIDGE,** | § | |
| | § | |

**AMENDED REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 13, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jon Reed Woodbridge. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline, range based on total offense level of 21 and criminal history category of IV, was 51 to 71 months. On October 9, 2018, District Judge Daniel D. Crabtree of the District of Kansas sentenced Defendant to 34 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include association restrictions, participation in a cognitive behavioral program, submit to searches, substance abuse testing and treatment, and alcohol abstinence. On May 12, 2020, Defendant completed his term of imprisonment and began his term of supervision. On September 23, 2020, jurisdiction of this case was transferred to this District.

1

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime.  In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release when, among other things, he was convicted of possessing a controlled substance PG 1 >= 4g<200g, a second-degree felony, in state Cause No. 21-10736-422F.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when convicted of the state offense referenced above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision when he was convicted of the offense outlined above. The parties, however, could not agree on what sentence the court should impose. Upon consideration of the arguments, the undersigned recommended that Defendant be sentenced to sixteen months imprisonment consecutive to the state sentence imposed in Cause No. 21-10736-422-F with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Jon Reed Woodbridge's plea of true be accepted and that he be sentenced to sixteen months imprisonment consecutive to the state sentence imposed in Cause No. 21-10736-422-F with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas or FCI Talladega, Alabama and that Defendant receive drug treatment while incarcerated. The parties

waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 15th day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE